UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:13-cr-104-WTL-DKL |
| | ) | |
| REGINALD T. WALTON and | ) | -01 |
| DAVID JOHNSON, | ) | -03 |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

Members of the jury:  Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

# PRELIMINARY INSTRUCTION NO. 1

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the Court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## PRELIMINARY INSTRUCTION NO. 2

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the Court may instruct you to find.  A stipulation is an agreement between both sides that certain facts are true.

Certain things are not evidence and must not be considered by you.  I will list them for you now.

First, statements, arguments, and questions by lawyers are not evidence.

Second, objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or by the Court=s ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Third, testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

Fourth, anything you may have seen or heard outside the Courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the Courtroom.

**PRELIMINARY INSTRUCTION NO. 3**

Languages other than English may be used during the trial. When that happens, you should consider only the evidence provided through the official interpreter. Although some of you may know Spanish, it is important for all jurors to consider the same evidence. For this reason, you must base your decision on the evidence presented in the English translation.

**PRELIMINARY INSTRUCTION NO. 4**

There are two kinds of evidence: direct and circumstantial.   Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.   I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

## PRELIMINARY INSTRUCTION NO. 5

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness= testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

## PRELIMINARY INSTRUCTION NO. 6

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the Defendants are presumed innocent until proven guilty. The Superseding Indictment brought by the Government against the Defendants is only an accusation, nothing more. It is not proof of guilt or anything else. The Defendants therefore start out with a clean slate.

Second, the burden of proof is on the Government until the very end of the case. The Defendants have no burden to prove their innocence, or to present any evidence, or to testify. Because the Defendants have the right to remain silent, the law prohibits you from arriving at your verdict by considering that the Defendants may not have testified.

Third, the Government must prove the Defendants' guilt beyond a reasonable doubt; bear in mind that in this respect a criminal case is different from a civil case.

# PRELIMINARY INSTRUCTION NO. 7

The Superseding Indictment in this case is the formal method of accusing the Defendants of an offense and placing the Defendants on trial.  It is not evidence against the Defendants and does not create any inference of guilt.

On October 16, 2013, Defendants Reginald Walton, David Johnson, and others were charged by way of a Superseding Indictment with the following:

| COUNT(S) | DEFENDANT(S) | CHARGE |
|---|---|---|
| 1 | Reginald Walton<br>David Johnson | Wire Fraud<br>18 U.S.C. §§ 1343, 1346, 2 |
| 2 | Reginald Walton<br>David Johnson | Wire Fraud<br>18 U.S.C. §§ 1343, 1346, 2 |
| 3 | Reginald Walton<br>David Johnson | Wire Fraud<br>18 U.S.C. §§ 1343, 1346, 2 |
| 4 | Reginald Walton<br>David Johnson | Wire Fraud<br>18 U.S.C. §§ 1343, 1346, 2 |
| 5 | Reginald Walton<br>David Johnson | Wire Fraud<br>18 U.S.C. §§ 1343, 1346, 2 |
| 6 | Reginald Walton | Bribery<br>18 U.S.C. § 666(a)(1)(B) |
| 8 | Reginald Walton | Bribery<br>18 U.S.C. § 666(a)(1)(B) |
| 10 | Reginald Walton | Bribery<br>18 U.S.C. § 666(a)(1)(B) |
| 11 | Reginald Walton<br>David Johnson | Conspiracy to Commit Money Laundering<br>18 U.S.C. § 1956(h), 1957 |

In summary, the charges stem from allegations involving Reginald Walton, the Assistant Administrator of the City of Indianapolis' Department of Metropolitan Development ("DMD"), and his oversight of the Indianapolis Land Bank ("Land Bank"). Indiana law authorizes the Land Bank to acquire abandoned and tax delinquent properties in the City of Indianapolis, temporarily hold and maintain them, and make them available for sale to non-profit and for-profit real estate developers. At the time, Defendant David Johnson was the Executive Director of the Indianapolis Minority AIDS Coalition ("IMAC"), a non-profit business operating in the City of Indianapolis.

The Superseding Indictment describes two related, but distinct schemes to defraud. First, the charges allege that Defendant Walton used his official position to enrich himself by soliciting and accepting gifts, payments, and other things of value from Defendant Johnson and others in exchange for favorable official action and for Defendant Johnson and others to enrich themselves by secretly obtaining favorable action for themselves and their companies from Defendant Walton and others by corrupt means. Specifically, Defendant Walton used his official position to cause the DMD to transfer real estate held by the Land Bank to non-profit businesses operating by and through Defendant Johnson and others. After receiving the subject real estate, the non-profit businesses transferred the subject real estate to for-profit businesses. The use of non-profit businesses as pass-through entities permitted the for-profit businesses to bypass the purchasing process required for the general public and obtain the subject real estate for substantially less than fair market value.

The second scheme to defraud involves Defendants Walton and Johnson wherein these Defendants used Defendant Walton's official position to enrich themselves by corruptly inflating the price of real estate sold by the Land Bank to victims of a separate real estate fraud and dividing the proceeds of the inflated price of the real estate among each other. Specifically, in September

2012, officials with the Marion County Prosecutor's Office ("MCPO") approached Defendant Walton and subordinate officials at the DMD to transfer properties owned by the DMD to victims of a fraud scheme prosecuted by the MCPO ("the Amos fraud"). On behalf of the DMD, Defendant Walton agreed to transfer properties held by the DMD to victims of the Amos fraud. In circumstances where the victim resided in a DMD-owned property, the DMD agreed to transfer the same property to the victim for $1,000. In circumstances where the victim resided in a property not owned by the DMD, the DMD agreed to transfer a different property owned by the DMD to the victim for $1,000. Defendants Walton and Johnson agreed that Defendant Johnson's non-profit IMAC would be designated by the DMD to act as the pass-through business that would conduct the real estate transactions involving the Land Bank and the Amos victims.

The Superseding Indictment alleges that Defendant Walton caused the Land Bank to transfer the properties involving the Amos victims to IMAC for the listed price of $1,000 per parcel. Most of the deeds transferring these properties from IMAC to the Amos victims listed the sales price as $1,000 per parcel. With respect to the properties, however, Defendants Walton and Johnson caused the Amos victims to pay IMAC $4,000 per parcel.

The Wire Fraud charges alleged in Counts 1 through 5 involve wire transmissions over electronic mail (e-mail), text messages, cellular telephone calls, and wire transfers of monetary funds or records related to monetary transactions.

The Bribery charges alleged in Counts 6, 8, and 10 involve monetary kickbacks paid to Defendant Walton by an undercover FBI agent, co-defendants Aaron Reed and Randall Sargent, and others in exchange for use of Defendant Walton's official position.

The Conspiracy to Commit Money Laundering charge alleged in Count 11 involves an agreement between Defendants Walton and Johnson to engage in a monetary transaction with

criminally derived property. Specifically, Defendants Walton and Johnson agreed that Defendant Johnson would transfer $14,000 to co-defendant Aaron Reed from the proceeds of the unlawful activity described in Counts 1 through 4 of the Superseding Indictment.

  The Defendants are presumed innocent of the charges against them unless the Government proves they are guilty of the charges against them beyond a reasonable doubt.

**PRELIMINARY INSTRUCTION NO. 8**

As previously noted, Defendant Reginald Walton is charged with four counts of honest services fraud (Counts 1 through 4), one count of wire fraud (Count 5), three counts of accepting a bribe (Counts 6, 8, and 10), and one count of conspiracy to engage in monetary transactions in property derived from specified unlawful activity (Count 11).

Defendant David Johnson is charged with four counts of honest services fraud (Counts 1 through 4), one count of wire fraud (Count 5), and one count of conspiracy to engage in monetary transactions in property derived from specified unlawful activity (Count 11).

The Defendants have pleaded not guilty to the charges.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.   But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offenses that the Government must prove to make its case.

**PRELIMINARY INSTRUCTION NO. 9**

In order to sustain the charge of honest services fraud as charged in Counts 1 through 4 of the Superseding Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

1. The Defendant knowingly devised and intended to devise a scheme to defraud as described in Counts 1 through 4;

2. That the Defendant did so with the intent to defraud;

3. That the scheme to defraud involved a bribe or kickback; and

4. That for the purpose of carrying out the scheme or attempting to do so, the Defendant transmitted or caused to be transmitted by means or wire communication in interstate commerce, writings, signals, or sounds in the manner charged in the particular count.

A scheme is a plan or course of action formed with the intent to accomplish some purpose. With respect to Counts 1 through 4 of the Superseding Indictment, a scheme to defraud is a scheme that is intended to deprive another of the intangible right to honest services through bribery or kickbacks.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty of that charge.

## PRELIMINARY INSTRUCTION NO. 10

In order to sustain the charge of wire fraud as charged in Count 5 of the Superseding Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

1. The Defendant knowingly devised and intended to devise a scheme to defraud as described in Count 5;

2. That the Defendant did so with the intent to defraud;

3. That the scheme to defraud involved a materially false or fraudulent pretense, representation, or promise; and

4. That for the purpose of carrying out the scheme or attempting to do so, the Defendant transmitted or caused to be transmitted by means or wire communication in interstate commerce, writings, signals, or sounds in the manner charged in the particular count.

A scheme is a plan or course of action formed with the intent to accomplish some purpose. With respect to Count 5 of the Superseding Indictment, a scheme to defraud is a scheme that is intended to deceive or cheat another and to obtain money or property by means of materially false or fraudulent pretenses, representations or promises. A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty of that charge.

# PRELIMINARY INSTRUCTION NO. 11

In order to sustain the charge of accepting a bribe as charged in Counts 6, 8, and 10 of the Superseding Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

1. That the Defendant was an agent of a government, or any agency of that government, such as the Indianapolis Land Bank ("Land Bank"), an agency within the City of Indianapolis' Department of Metropolitan Development ("DMD").

2. The Defendant accepted anything of value from another person; and

3. The Defendant acted corruptly with the intent to be influenced or rewarded in connection with some transaction or series of transactions of the City of Indianapolis; and

4. This business, transaction, or series of transactions involved any thing of a value of $5,000 or more; and

5. The City of Indianapolis in a one year period, received benefits of more than $10,000 under any Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other assistance.

A person acts corruptly when that person acts with the understanding that something of value is to be offered or given to reward or influence him in connection with his official duties.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty of that charge.

## PRELIMINARY INSTRUCTION NO. 12

In order to sustain the charge of conspiracy to engage in monetary transactions in property derived from specified unlawful activity as charged in Count 11 of the Superseding Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

1. The conspiracy to violate 18 U.S.C. § 1957, as charged in Count 11 of the Superseding Indictment, existed; and

2. The Defendant knowingly became a member of the conspiracy with an intent to advance the conspiracy; and

3. One of the conspirators committed an overt act in an effort to advance the goal of the conspiracy within the five years preceding the charge in Count Eleven of the Superseding Indictment.

An overt act is any act done to carry out the goal of the conspiracy. The overt act may itself be a lawful act.

A violation of the offense codified at 18 U.S.C. § 1957 occurs when:

1. The Defendant engaged or attempted to engage in a monetary transaction; and

2. That Defendant knew the transaction involved criminally derived property; and

3. The property had a value greater than $10,000; and

4. The property was derived from the wire fraud offenses charged in Counts 1 through 4 of the Superseding Indictment; and

5. The transaction occurred in the United States.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the Defendant guilty of that charge.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the Defendant not guilty of that charge.

## PRELIMINARY INSTRUCTION NO. 13

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. This includes not only verbal communication but also any communication over the Internet, such as e-mail, instant messaging, websites, and blogs; the use of cell phones for text messaging or video and audio recording; and the use of any other recording or transmitting device. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case in any manner.

Second, do not read or listen to anything touching on this case in any way. You should avoid reading any news articles that might be published about the case, and you should avoid watching or listening to any television or radio comments about this trial. If anyone tries to talk to you about the case, bring it to the Court=s attention promptly.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

**PRELIMINARY INSTRUCTION NO. 14**

If you want to take notes during the course of the trial you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you do take notes, be sure that your note taking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations. Do not take your notes with you at the end of the day C be sure to leave them in the jury room.

If you choose *not* to take notes, remember that it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury; you all must remember the evidence in this case.

## PRELIMINARY INSTRUCTION NO. 15

The trial will now begin. First, the Government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the Defendants' attorneys may, but do not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The Government will then present its witnesses, and counsel for the Defendants may cross-examine them. Following the Government=s case, the Defendants may, if they wish, present witnesses whom the Government may cross-examine.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the Court will instruct you on the law. After that, you will retire to deliberate on your verdict.